Filed 3/18/25  P. v. Plemmons CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br> v.<br><br> ERIC MICHAEL PLEMMONS,<br><br>  Defendant and Appellant. | D083528<br><br><br>(Super. Ct. No. SCE409777) |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Benjamin B. Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Eric Michael Plemmons appeals from a judgment following his entry of a guilty plea.  His appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We notified Plemmons of his right to file a supplemental brief, and he has not done so.  Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2023, Plemmons pled guilty to burglary (Pen. Code,[1] § 459), kidnapping (§ 207, subd. (a)), assault with intent to commit a sex offense (§ 220, subd. (a)(1)), and forcible lewd act upon a child (§ 288, subd. (b)). Plemmons admitted on his plea form and at the plea hearing that on May 18, 1995, he forced the 13-year-old victim into an empty church and raped her. The crimes occurred when Plemmons was 18 years old.  The case remained unsolved until a hit in the Combined DNA Index System (CODIS) matched Plemmons's DNA to sperm collected from the victim's body.  Pursuant to the plea agreement, the parties agreed Plemmons could be sentenced to a maximum term of 22 years, eight months.

In their sentencing brief, the People recommended the maximum sentence.  The People detailed Plemmons's criminal history following the commission of the crimes in this case, which included convictions for burglary, public masturbation, and possession of child pornography.  The People contended the upper term was therefore warranted because Plemmons was a danger to society and caused irreparable harm to the victim.

In opposition, Plemmons filed a statement in mitigation.  He noted he suffered from developmental delays, was sexually assaulted twice as a child, and never received appropriate treatment for his resulting post-traumatic stress disorder, anxiety, and other mental health problems.  He also argued his subsequent criminal history did not involve similar conduct to the criminal conduct in this case and thus was unlikely to recur.  He therefore requested a sentence between the lower term of six years, eight months and the middle term of 15 years, eight months.  He contended the lower term was presumptive under section 1170, subdivision (b)(6) because his childhood

---

[1]     Further statutory references are to the Penal Code.

trauma and youth were contributing factors to the commission of the offenses.

At the sentencing hearing on December 7, 2023, the trial court (Hon. Kathleen Lewis) sentenced Plemmons to a determinate term of 22 years in prison. The court stated it had considered the probation report, the preliminary hearing transcript, a statement from Plemmons's wife, and the parties' briefings. The court recognized there were several mitigating factors, including Plemmons's childhood trauma, his young age at the time of the crimes, and that he voluntarily accepted wrongdoing at an early stage of the proceedings. However, the court found other aggravating factors warranted imposition of the upper term, such as the victim's vulnerability, the harm to the victim, and Plemmons's criminal history. The court stated, "[D]espite the defendant's childhood trauma and abuse . . . the [c]ourt finds that the [aggravating] circumstances outweigh the mitigation, and the mitigation of the lower term or middle would be contrary to the interest of justice . . . ."

Plemmons filed a timely notice of appeal. In it, he stated he was appealing his sentence or matters occurring after his plea that did not affect the validity of his plea.

## DISCUSSION

Plemmons's appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, setting forth a statement of the case and statement of facts, urging no grounds for reversal of the judgment, and asking this court to independently review the record for error.

Pursuant to *Anders*, counsel identified the following issue to assist the court in its search of the record for error: Did the trial court abuse its

discretion by finding the aggravating circumstances outweighed the mitigating circumstances in its sentencing determination?

We have independently reviewed the record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Plemmons in this appeal.

DISPOSITION

The judgment is affirmed.


McCONNELL, P. J.

WE CONCUR:



KELETY, J.



RUBIN, J.

4